UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ASHLEY B. JOHNSON                                              PLAINTIFF

V.                               CIVIL ACTION NO. 3:21-CV-226-KHJ-MTP

JACKSON PUBLIC SCHOOL DISTRICT                            DEFENDANT

ORDER

This matter is before the Court on Defendant Jackson Public School District's ("JPSD") Motion to Dismiss [9]. For these reasons, the Court denies the motion without prejudice.

I.     Background

A.     Procedural History

Pro se Plaintiff Ashley B. Johnson sued JPSD, alleging JPSD racially discriminated against her in violation of Title VII when it terminated her employment. Compl. [1]. Johnson further alleges that by not allowing her to work from home, JPSD violated the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). *Id.* JPSD moved to dismiss this action, arguing Johnson fails to state a claim upon which relief can be granted for either claim. [9]. When she did not respond to JPSD's Motion to Dismiss, the Court ordered Johnson to respond within fourteen days of the Order (June 30, 2021) or notify the Court that she chooses not to respond. [11]. She did neither.

B.  Facts

JPSD employed Johnson as an assistant teacher from August 2019 to September 2020. [1] at 2. Johnson worked from home in early 2020 because the COVID-19 pandemic prevented her four children from attending school. *Id.* Johnson alleged that her supervisor, Dr. Harper, began discriminating against her soon after. *Id.* Harper allegedly told Johnson, "I don't pay you to watch your kids," and made disparaging comments about her working from home. *Id.*

Later that year, Johnson claims Harper chastised her for being twenty minutes late for a meeting. *Id.* at 3. Harper called Johnson, and there was a "heated exchange of words" during which Johnson said she resigned. *Id.* Johnson states that, during this conversation, Harper "harassed" her, causing her to resign under duress. *Id.* Johnson alleges that she called Harper back "minutes later" to retract her resignation, and Harper agreed. *Id*; [1-1] at 2. Despite this retraction, Johnson later received an email from Harper accepting her resignation and saying her "services were no longer needed." [1-1] at 2. The next day, Johnson was locked out of Zoom, and Harper allegedly emailed Johnson saying, "Oh, I forgot, you resigned." [1] at 3. Johnson, however, maintains that JPSD requires all resignations to be in writing. *Id.*

A few months later, Johnson filed an EEOC Charge, alleging JPSD "terminated" her because of her race. [1-1] at 2. On January 4, 2021, the EEOC dismissed the Charge and issued a Right to Sue Letter.

II. Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

Johnson's status as a pro se litigant does not excuse her from the *Twombly* and *Iqbal* pleading requirements. Although the Fifth Circuit instructs the Court to "liberally construe" pro se litigants' pleadings, the Court must still "abide by the rules that govern the federal courts." *Equal Emp't Opportunity Comm'n v. Simbaki Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). Johnson must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* (citing *Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011)).

III. Analysis

Johnson claims JPSD discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and that JPSD violated the CARES Act of 2020. JPSD argues that the Court should dismiss the discrimination claim because Johnson fails to allege sufficient facts that would plausibly entitle her to relief. JPSD also argues that the CARES Act claim should be dismissed because the Act does not provide for a private cause of action, and even if it did, Johnson has failed to identify which provision JPSD violated.

A. Race Discrimination

Title VII prohibits an employer from discriminating against any individual on the basis of race. 42 U.S.C. § 2000e-2(a)(1). "At the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed by *Swierkiewicz v. Sorema N.A.* [534 U.S. 506 (2002)]—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, [411 U.S. 792 (1973)]." *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). To succeed at the pleading stage, a plaintiff must plead sufficient facts to show "(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Id.* (emphasis in original) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019)). "When a complaint purports to allege a case of circumstantial evidence of discrimination, it may be helpful to refer to *McDonnell Douglas* to understand whether a plaintiff has sufficiently pleaded an adverse employment action taken '*because of*' his protected status as required under *Swierkiewicz*," *Id.* (emphasis in original) (citing *Cicalese*,

4

924 F.3d at 767). "Specifically, a plaintiff must allege facts sufficient to support a finding 'that he was treated less favorably than others *outside of his protected class*.'" *Id.* (emphasis in original) (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).

In discrimination cases, the Fifth Circuit "strict[ly] interpret[s]" whether an employer took an adverse employment action. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). An "adverse employment action" includes "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). JPSD argues Johnson does not sufficiently plead an adverse employment action because she resigned and does not state sufficient facts to show JPSD constructively discharged her. Although Johnson does not respond to JPSD's Motion to Dismiss, she alleges in her Complaint that she retracted her resignation "minutes later," that Harper "agreed" to this retraction, and that JPSD policy requires resignations to be in writing. [1] at 3; [1-1] at 2. She also states in her EEOC Charge that JPSD "terminated" her and alleges Harper locked her out of Zoom and told her that her services were no longer needed. *Id.* Accepting these facts as true and viewing them in the light most favorable to Johnson, the Court finds Johnson alleges sufficient facts to show JPSD took an adverse action against her. The Court must therefore decide whether Johnson pleads sufficient facts showing JPSD treated her less favorably because of her race.

Johnson does not meet her burden on this element. She does not allege that

5

she was treated differently than similarly situated, non-African American employees and presents no facts showing JPSD discriminated against her because of her race. Rather, she alleges Harper "targeted and discriminated against" her "because [she] worked from home." [1] at 2. Because Johnson fails to allege sufficient facts that plausibly suggest JPSD fired her because of her race, Johnson does not state a claim for Title VII race discrimination.

    B.    CARES Act

JPSD asks the Court to dismiss Johnson's allegation that JPSD violated the CARES Act by not allowing her to work from home. The Court need not decide whether the CARES Act creates a private right of action, as Johnson has not alleged JPSD would not let her work from home. In fact, she admits that "the Jackson Public School District made the accommodation and granted me work from home." [1] at 2. Although she claims Harper made disparaging comments about her working from home, she does not state that JPSD asked her to come back to campus or told her she could not work from home any longer. For these reasons, Johnson failed to plead sufficient facts showing JPSD violated the CARES Act.

Despite Johnson's failure to respond to JPSD's Motion to Dismiss [9] and this Court's Order [11], the Court will allow Johnson until July 28, 2021, to amend her complaint to cure the deficiencies identified by the Court.

IV.    Conclusion

The Court DENIES WITHOUT PREJUDICE JPSD's Motion to Dismiss [9]. Johnson has until July 28, 2021, to amend her complaint to cure the deficiencies

identified by the Court. If Johnson chooses not to amend, the Court will sua sponte dismiss her complaint with prejudice.

SO ORDERED this the 14th day of July, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE